UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORNA KAREN HOWZE,

    Plaintiff,

v.

NEW CENTURY MORTGAGE CORP. and
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Morgan Stanley
ABS Capital,

    Defendants.
_____/

Case No. 08-13458

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 2, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Lorna Karen Howze ("Plaintiff"), proceeding in propria persona, brought this action against Defendants New Century Mortgage Corp. ("New Century") and Deutsche Bank National Trust Company as trustee for Morgan Stanley ABS Capital ("Deutsche Bank") on August 11, 2008. In a single count complaint, Plaintiff alleges violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Uniform Commercial Code ("UCC") while also mentioning the terms "fraud" and "breach of contract." In her prayer for relief,

however, Plaintiff asks this Court to award her $5,555,555.55 for defendants' violations of only RICO, TILA, and RESPA.

Presently pending before the Court is Deutsche Bank's Motion for Summary Judgement filed on September 29, 2008. Deutsche Bank argues that it is entitled to summary judgment on grounds that some of the cited statutes are inapplicable to this case, that other claims are barred by the relevant statutes of limitation, that all of the claims are barred by the doctrine of judicial estoppel, and that Plaintiff's complaint is subject to dismissal under the equitable doctrine of laches. The Court has reviewed the pleadings and agrees with Deutsche Bank that the claims asserted by Plaintiff are either inapplicable to the facts of this case[1] or barred by the relevant statutes of limitation.[2]

Accordingly,

**IT IS ORDERED** that Deutsche Bank's motion for summary judgment is **GRANTED**.[3]

A judgment consistent with this opinion shall issue.

---

[1]RICO is inapplicable to this case as there is no indication of "racketeering activity" or collection of "unlawful debts" as those terms are defined by the act. 18 USC §§ 1691-92. The cited sections of the UCC are also inapplicable because this case involves a mortgage on real property rather than negotiable instruments or investment securities. UCC §§ 3-102, 3-104, 8-102; *see also Mox v. Jordan*, 186 Mich. App. 42, 46, 463 N.W.2d 114, 115 (1990) ("A mortgage instrument is not a negotiable instrument . . . .").

[2]*See* 15 U.S.C. §§ 1635, 1640(e) (providing a three-year statute of limitation for rescission and one-year for damages under TILA and HOEPA); 12 U.S.C. § 2614 (providing a one-year statute of limitation for violations of section 9 of RESPA which is codified as 12 U.S.C. § 2608).

[3]The arguments advanced by Deutsche Bank apply with equal force to the claims against New Century. For the reasons stated in this opinion, then, the Court also grants summary judgment to New Century on all claims.

s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Lorna K. Howze
101 Henry Clay
Pontiac, MI 48239

Matthew B. Theunick, Esq.